UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE:

WILLIAM H. WRIGHT,                                              CASE NO. 12-30865-KKS

      Debtor.                                                        Chapter 7

_____

MARY W. COLON, as Chapter 7 Trustee,

      Plaintiff,

v.                                                             ADV. PROC. NO. 14-03025-WSS

WILLIAM H. WRIGHT, et al.,

      Defendants.

### ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS CASE

      J. Steven Ford, Counsel for the Debtor
      Yancey F. Langston, Counsel for certain Defendants named in complaint
      Charles P. Hoskin, Counsel for Mary W. Colon, Chapter 7 Trustee

      This matter came before the Court on the Debtor's motion to dismiss adversary

proceeding [Docket # 16] and the Defendants' motion to dismiss adversary proceeding [Docket

#17]. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and

the Order of Reference of the District Court. Based on the pleadings, evidence and briefs of

counsel, the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

      William Wright filed a chapter 11 petition on June 14, 2012. At the time of the filing, the

Debtor owned interests in four separate entities.  Three of the entities have real estate holdings in Mississippi and Florida.  The fourth entity is Secured Loans, Inc., a finance company which previously made loans to borrowers, and presently continues to collect on defaulted loans.  Guaranty Bank & Trust was the major creditor with a deficiency claim based on a personal guaranty debt in excess of $900,000.00.

On August 31, 2012, the Debtor and Guaranty Bank filed a consent order allowing a 2004 exam of the Debtor.  The examination included many of the Debtor's records, accountants and the trustee of a trust established by the Debtor's deceased father.  Armed with information gained from the 2004 examination, Guaranty Bank filed a motion to convert the Debtor's case to a chapter 7 case on December 12, 2012, alleging that the Debtor conveyed interests in business entities to other individuals for little or no consideration, and that the case should be converted "because potentially voidable transfers should be pursued" by a chapter 7 trustee.  Case No. 12-30865, Dkt #45, pp. 3-4.  The Court denied the motion to convert on January 31, 2013.  Guaranty Bank filed a motion for authorization to file a §548 action to avoid fraudulent transfers on July 23, 2013.  The motion was continued twice and then scheduled to be heard for status with the Debtor's confirmation hearing.  Case No. 12-30865, Dkt #87.

The Debtor filed his original chapter 11 plan of reorganization and disclosure statement on September 3, 2013.  Guaranty Bank's objections to the disclosure statement were sustained, and the Debtor filed an amended disclosure statement on October 14, 2013.

On December 6, 2013, Guaranty Bank filed an adversary proceeding (AP# 13-03035) objecting to the Debtor's discharge pursuant to 11 U.S.C. §727.  The complaint was based on the same allegations of fraudulent transfer as the previous motion to convert to chapter 7 and the

2

motion for authorization to file a §548 action.

On January 10, 2014, the Debtor filed a second amended disclosure statement to address objections raised by Guaranty Bank.  In an effort to resolve the objections to the Debtor's disclosure statement and the adversary proceeding, the Debtor and Guaranty Bank agreed to a mediation.  The mediation occurred on March 4, 2014, but the parties were not able to reach an agreement.

The Debtor's second amended disclosure statement was set for hearing April 30, 2014. At the hearing, the Debtor's counsel announced that the Debtor would not be able to confirm its plan without Guaranty Bank's acceptance, and the Bank was not accepting the plan.  The Debtor and Guaranty Bank were still discussing a possible resolution to the issues blocking confirmation; however, if the issues could not be resolved, the Debtor planned to either convert the case to chapter 7 or dismiss the case.  Based on these representations, the Court entered an order setting out the Debtor's inability to confirm a plan, and the parties' continuing negotiations. The order also set a deadline of May 30, 2014 by which the Debtor should file either a notice of conversion or a motion to dismiss.  On May 30, 2014, the Debtor filed a motion for extension to convert or dismiss the case because Guaranty Bank provided a payment ledger after the April 30, 2014 hearing, and the Debtor believed he was not given credit for certain payments.  The Debtor requested additional time to work out the discrepancy and discuss possible settlement with Guaranty Bank.  The Bank did not file an objection to the motion.  It was set for hearing on June 30, 2014.

On June 9, 2014, Guaranty Bank filed a motion to convert to chapter 7, again alleging claims for fraudulent transfers should be pursued by a chapter 7 trustee.  The two-year

anniversary of the Debtor's filing, June 14, 2014, fell between Guaranty Bank's motion to convert the case to a chapter 7 and the June 30, 2014 hearing on the Debtor's motion to extend time.  At the hearing, the Court entered an order granting the motion to extend time, which stated that the Court was advised that "Guaranty Bank & Trust does not oppose the motion, conditioned on a 'drop dead' provision," and set July 21, 2014 as the new date for the Debtor to conclude its negotiations with Guaranty Bank.  After the parties failed to reach a settlement, the Court entered an order converting the Debtor's case to a chapter 7 case on July 23, 2014.

The Trustee filed the present adversary proceeding on October 23, 2014.  The Debtor filed his motion to dismiss the adversary proceeding pursuant to Rule 12 of the Federal Rules of Civil Procedure and Rule 7012 of the Federal Rules of Bankruptcy Procedure on November 21, 2014, and the remaining Defendants filed their motion to dismiss on November 24, 2014.

## CONCLUSIONS OF LAW

Section 546(a) provides that an action under section 544, 545, 547, 548 or 553 must be filed by the earlier of:   (1) the later of (A) 2 years after the entry of the order for relief, or (B) 1 year after the appointment of a trustee if the appointment occurs within 2 years of the order for relief; or (2) the time that the case is closed or dismissed.  11 U.S.C. §546(a).  The parties agree that the two-year period after the entry of the order for relief is the applicable statute of limitations in the present case.  The parties also agree that the current adversary proceeding was filed after the two-year statute of limitations for fraudulent transfer actions under §544 and §548.

The Trustee maintains that the §546(a)(1) statute of limitations should be equitably tolled given Guaranty Bank's efforts to have the case converted before the deadline and its attempt to bring the §548 action, and the Debtor's action in opposing the conversion and requesting an

4

extension of time to convert the case.  The statute of limitations under §546(a) can be equitably

tolled under the appropriate circumstances. *IBT International, Inc. v. Northern (In re*

*International Administrative Services, Inc.)*, 408 F.3d 689, 701 (11th Cir. 2005); *In re*

*Fundamental Long Term Care, Inc.*, 501 B.R. 784, 787-88 (Bankr. M.D. Fla. 2013).  "Where,

despite the exercise of due diligence, a trustee fails to timely bring an avoidance action due to

fraud or extraordinary circumstances beyond the trustee's control, equitable tolling prevents the

expiration of §546(a)'s limitations periods." *In re International Administrative Services, Inc.*,

408 F.3d at 700 (citations omitted).  There are two types of fraud that may equitably toll the

statute of limitations under §546(a)(1): (1) active fraud which consists of "affirmative acts or

representations calculated to, and in fact do, prevent the discovery of the cause of action"; and (2)

"negligent" fraud wherein the defendant does not actively conceal the fraud, but the plaintiff,

acting with due diligence, fails to discover the fraud.  *In re International Administrative Services,*

*Inc.*, 408 F.3d at 701-02.  The Court notes that the Trustee does not allege that fraud, active or

negligent, was involved in the running of the statute of limitations.

The Trustee contends that the Debtor's opposition to Guaranty Bank's motions to convert

and motion to authorize a §548 action as well as the Debtor's motion for an extension of time to

convert or dismiss the case prevented the conversion of the case until after the two-year statute of

limitation had run.  According to the Trustee, failure to apply equitable tolling "would reward

the Debtor for delaying the case and would incentivize gamesmanship by Chapter 11 debtors to

stall or delay the case" until after the §546(a) limitations period runs.  Trustee's brief, p. 11.  This

contention appears to fall under the "extraordinary circumstances beyond the trustee's control"

category for equitable tolling.  *In re McDonald*, 500 B.R. 208, 211 (Bankr. N.D. Ga. 2013).

As the major creditor in the case, Guaranty Bank was aware of the facts related to the allegedly fraudulent transfers as early as December 2012 or at least by July 2013 when it filed the motion to authorize the Bank the file a §548 action on behalf of the estate.  The facts show that the Debtor and Guaranty Bank tried to negotiate a settlement throughout the bankruptcy proceeding, even attempting mediation.  The Trustee has not produced any evidence that the Debtor deliberately attempted to the delay the case so that the §546(a) limitations period would run before a trustee was appointed.  The Debtor acted within his rights to oppose Guaranty Bank's motions to convert and motion to bring a §548 action, and that opposition cannot be construed as an attempt to delay the case.  The Debtor's May 30, 2014 motion for an extension of time to dismiss or convert the case stated a specific reason for the extension: Guaranty Bank provided a payment ledger after the April 30, 2014 hearing, and the Debtor believed he was not given credit for certain payments.  The Debtor noted in his motion that Guaranty Bank did not consent to the motion for an extension, but it also did not file an objection to the motion, which the Bank surely would have done if it believed that the Debtor's motion was simply a delaying tactic.

Even if the Debtor was found to be deliberately holding up the chapter 11 case, "the Bankruptcy Code recognizes the conflicting loyalties and priorities of a debtor-in-possession in Chapter 11 and contemplates that the exercise of trustee powers by a debtor-in-possession will be closely supervised by creditors whose interests might be affected thereby."  *In re Hydro-Action, Inc.,* 341 B.R. 186, 191 (Bankr. E.D. Tex. 2006).  Guaranty Bank took some steps to preserve the allegedly fraudulent transfer action, but, as the Debtor points out in his supporting brief, Guaranty Bank could have filed a motion to extend the two-year statute of limitations under

Bankruptcy Rule 9006.  Without such a motion, the limitations period simply expired, through

no fault or delaying tactic of the Debtor.  "If the creditors . . . had knowledge of, or with a

reasonable amount of diligence could have obtained knowledge of, the potential avoidance

actions and the debtor-in-possession's election to forego the pursuit of such actions as the two-

year period progressed, neither they nor any trustee subsequently appointed on their behalf will

be heard to complain about the inequities of the application of a statute of limitations." *Hydro-*

*Action*, 341 B.R. at 192.  The Court finds that the facts in the present case do not constitute

extraordinary circumstances beyond the trustee's control sufficient to equitably toll the two-year

statute of limitations under §546(a)(1), and therefore, the causes of action in the Plaintiff's

complaint are barred by the running of the statute of limitations under 11 U.S.C. §546(a)(1).

Based on the foregoing, the Court finds that the Debtor's motion to dismiss adversary

proceeding [Docket # 16] and the Defendants' motion to dismiss adversary proceeding [Docket

#17] are due to be granted, and the adversary proceeding should be dismissed.  It is hereby

**ORDERED** that the Debtor's motion to dismiss adversary proceeding [Docket # 16] and

the Defendants' motion to dismiss adversary proceeding [Docket #17] are **GRANTED**, and the

above-styled adversary proceeding is hereby **DISMISSED**.

Dated:    March 9, 2015

WILLIAM S. SHULMAN
U.S. BANKRUPTCY JUDGE